IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DARRELL D. DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No.  08-1372-MLB |
| | ) | |
| JASON REDDY, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant City of Independence Police Department's motion to dismiss.  (Doc. 6).  The motion has been fully briefed and is ripe for decision.  (Docs. 7, 9, 10, 12, 16).  The department's motion is granted for the reasons herein.

**I.   Facts**

Plaintiff brings this case pursuant to 42 U.S.C. § 1983. Plaintiff alleges that police officer Reddy violated his constitutional rights by firing a taser at plaintiff and causing him severe injuries.  Plaintiff brought suit against Reddy, the City of Independence, Kansas, and the department.  The department filed this motion to dismiss on the basis that it is not an entity subject to suit under Kansas law.

**II.   Analysis**

Under Kansas law, subordinate governmental agencies do not have the capacity to sue or be sued unless a specific statue authorizes such action.  Fugate v. Unified Gov't of Wyandotte County/Kansas City, KS., 161 F. Supp.2d 1261, 1266 (D. Kan. 2001)(citing Mason v.

Twenty-Sixth Judicial Dist., 670 F. Supp. 1528, 1535 (D. Kan. 1987) and Hopkins v. State, 237 Kan. 601, 702 P.2d 311, 317 (1985)).

Rather, plaintiff cites Owens v. Rush, 636 F.2d 283 (10th Cir. 1980), to support the proposition that a sheriff's department was a proper party in a section 1983 claim. Owens, however, does not support that proposition. Owens determined that a sheriff employed by a county was a proper party to be sued. Owens states no opinion on the issue of whether the sheriff's department could be sued. After reading the opinion, there is nothing to indicate that the plaintiff named the sheriff's department as a party in Owens.

Plaintiff also cites Williams v. Denver, City and County of, 99 F.3d 1009 (10th Cir. 1996) to support the inference that the Tenth Circuit silently authorized the suit against a police department. In Williams, however, the list of defendants does not include a municipal police department. The defendants in Williams were officers of the police department and the City and County of Denver.

In Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985), the Tenth Circuit determined that a municipality's police department was not a separate suable entity. Moreover, under Kansas law, subordinate governmental agencies, such as the department, are not subject to suit absent a specific statute. Plaintiff has not identified a statute which would authorize a suit against the department. Instead, plaintiff cites to Kansas Attorney General Opinion No. 2001-25 for the proposition that the department does have the capacity to be sued. (Doc. 12 at 2). The factual situation in the opinion is factually inapposite. The Attorney General determined that Topeka Housing Authority could be sued as a separate entity because the city had no

control or right to control the actions of the housing authority.  In this case, the police department is under the control and authority of the city.  Therefore, the court finds that the police department is not a separate, suable entity.

**III. Conclusion**

Accordingly, defendants' motion to dismiss the department is GRANTED.  (Doc. 6)

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged.  The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this <u>  28th  </u> day of January 2009, at Wichita, Kansas.

<u>s/ Monti Belot                       </u><br>Monti L. Belot<br>UNITED STATES DISTRICT JUDGE