**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

```
DARRELL D. DOUGLAS,              )
                                 )
                   Plaintiff,    )    CIVIL ACTION
                                 )
v.                               )    No. 08-1372-MLB
                                 )
JASON REDDY and INDEPENDENCE,    )
KANSAS,                          )
                                 )
                   Defendants.   )
                                 )
```

**MEMORANDUM AND ORDER**

This case comes before the court on defendants' motion to exclude the expert testimony of Tad Leach. (Doc. 66). The motion has been fully briefed and is ripe for decision. (Docs. 67, 69, 71). Defendants' motion is granted in part and denied in part for the reasons herein.

**I. Standards[1]**

"Rule 702 sets forth the standard for admission of expert testimony," U.S. v. Fredette, 315 F.3d 1235, 1239 (10th Cir. 2003), and assigns "to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharm., 509 U.S. 579, 597, 113 S. Ct. 2786, 2799, 125 L. Ed. 2d 469 (1993). Rule 702 provides that

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) testimony is based

---

[1] The facts relevant to this case are set out fully in this court's recent memorandum and order denying defendants' motion for summary judgment. (Doc. 75).

> upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. The standards embraced by Rule 702 and Daubert apply equally to scientific testimony and other testimony of a technical nature. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147-48 , 119 S. Ct. 1167, 1174, 143 L. Ed. 2d 238 (1999). A party offering an expert witness bears "the burden of demonstrating to the district court that [the proffered expert is] qualified to render an expert opinion." United States v. Nacchio, 519 F.3d 1140, 1171-72 (10th Cir. 2008); see also Ralston v. Smith & Nephew Richards, Inc., 275 F.3d 965, 970 (10th Cir. 2001). Still, the court's "gatekeeping" role favors admissibility of expert testimony when it is reliable, relevant and helpful to the jury. Burton v. R.J. Reynolds Tobacco Company, 183 F. Supp. 2d 1308, 1311 (D. Kan. 2002).

While a Daubert hearing is a commonly-accepted method of performing the court's "gate-keeping" function, it is not required. United States v. Charley, 189 F.3d 1251, 1266 (10th Cir. 1999)(district court is granted great latitude in "deciding whether to hold a formal hearing.") Even when the court excludes a witness, a failure to hold a Daubert hearing is not an abuse of discretion so long as the parties are afforded the opportunity to present their arguments.[2] Miller v. Baker Implement Co., 439 F.3d 407, 412 (8th Cir. 2006). The reasons for these rules are obvious. Because Daubert hearings involve expert witnesses, they are monetarily expensive to

---

[2] In this case, the parties have not sought a Daubert hearing and the court does not find that one is necessary in order to reach its decision.

-2-

the parties and time-consuming to all involved. Therefore, a party who seeks to exclude an opposing expert by means of a <u>Daubert</u> hearing bears a practical burden to demonstrate that the expert's opinion may not pass through the gate of a <u>Daubert</u> hearing. The burden is not a heavy one, but some credible showing must be made. Of course, any issue of credibility or weight of the expert's testimony belongs to the trier of fact and is not a proper subject for a <u>Daubert</u> determination.

## II. Analysis

Defendants assert that the opinions of Leach are inadmissible because they are inadmissible opinions on the law. Leach is a law enforcement expert and is currently employed as an undersheriff in Coeur d'Arlene, Idaho. He has been in law enforcement for approximately forty years.[3] Leach reviewed all of the relevant records in this case in reaching the following opinions:

> 1. Officer Reddy had no probable cause to arrest the Plaintiff.
> 2. Officer Reddy had no articulable suspicion to make an investigatory stop of the Plaintiff.
> 3. Officer Reddy had no lawful justification to utilize any use of force on the Plaintiff under the totality of the circumstances pertaining to the incident of June 8 & 9, 2007.
> 4. Officer Reddy was in violation of Independence Police Department general Order 2-6 (use of Force).

(Doc. 67, exh. A at 6).

The issue of whether Reddy had probable cause or reasonable suspicion is a legal issue that is in the province of the trier of fact. It is not an appropriate area for expert testimony. <u>Carter v.</u>

---

[3] Defendants have not challenged Leach's ability to testify regarding police practices.

-3-

J.C. Penney Corp., Inc., No. 08-2409, 2009 WL 3045465, (D. Kan. Sept. 21, 2009); see also e.g. Estes v. Moore, 993 F.2d 161 (8th Cir. 1993); Rogers v. Bonnett, No. 04-0118, 2009 WL 2461820 (W.D. Tex. Aug. 11, 2009); Gonzalez v. City of Garden Grove, No. 05-1506, 2006 WL 5112757 (C.D. Cal. Dec. 4, 2006); Morgan v. Westhoff, No. 05-73583, 2006 WL 2404499 (E.D. Mich. Aug. 18, 2006).

Defendants' motion to exclude Leach's first three opinions is granted on the basis that those opinions draw legal conclusions.[4] Leach's fourth opinion is also excluded as it draws its conclusion from the opinion that Reddy did not have reasonable suspicion or probable cause to arrest plaintiff.[5] However, the supplemental opinion, which is somewhat similar, is admissible for the reasons stated below.

**B. Late Disclosure**

During Leach's deposition he further testified that "even if there was probable cause to make an arrest [Reddy used] inappropriate force" based on the use of force model from the Federal Law Enforcement Training Center and Kansas standards. (Doc. 67, exh. B at 51). This opinion was not set forth in his expert report.

---

[4] Plaintiff points out that if the opinions of his expert are excluded that the opinions of defendants' expert should also be included as they opine on the issues of probable cause and reasonable suspicion. Defendants respond that plaintiff is out of time to move to strike the opinions of their expert. Regardless of defendants' position on timeliness, the court will not allow any expert witness to testify on legal issues during trial.

[5] Leach's expert report states that this conclusion was adduced based on the lack of probable cause or articulable suspicion to make a stop. (Doc. 67, exh. A at 5). These issues are no longer in the case. See Doc. 75. The only Constitutional issue remaining is whether Reddy's use of the Taser constituted excessive force. The parties should prepare for trial accordingly.

-4-

Defendant moves to exclude it on the basis that it was untimely.

Rule 26(a)(2) requires that parties disclose the identity of any witness who is retained or specially employed to provide expert testimony and that the disclosure be accompanied by a written report. Each expert report must be in writing and signed by the expert, and must contain: a complete statement of all the expert's opinions and the basis and reasons therefore; the data and information considered by the expert; any exhibits to be used as support for the opinions; the qualifications of the expert and all publications authored by the expert in the past ten years; the expert's compensation for his review and testimony; and a list of all other cases in which the expert has testified at trial or at deposition in the past four years. Id. "Supplemental disclosures are permitted, and indeed may be required." Miller v. Pfizer, Inc., 356 F.3d 1326, 1332 (10th Cir. 2004); see Fed. R. Civ. P. 26(e). Failure to make proper disclosures may require exclusion of the expert's testimony pursuant to Rule 37(c)(1), which provides that a party who, without substantial justification, fails to make the required disclosures shall not, unless such failure is harmless, be permitted to use as evidence at trial any witness or information not so disclosed.

Plaintiff responds by stating that the conclusions in Leach's report contemplate the opinion given in his deposition. The fourth conclusion in the report states that "Officer Reddy was in violation of Independence Police Department general Order 2-6 (use of Force)." The report, however, clarifies that this conclusion is reached because Leach does not believe that Reddy had probable cause or reasonable suspicion to make the stop. (Doc. 67, exh. A at 5). Nevertheless,

the court does not believe that defendants have been prejudiced by this late disclosure. This "new" opinion is not novel given the context of this case and Leach's other opinions. Moreover, the deposition was taken only one and one-half months after the report was disclosed. Also, it appears that defendants have already sought a rebuttal opinion by Steve Ijames on the FLETC model. See Doc. 67 at n. 2.

Defendants' motion to strike the supplemental opinion because it is untimely is denied.

Defendants also argue that the opinion will not assist the trier of fact. The court disagrees. Leach is an expert in police practices and has been an officer for more than forty years. In this case, the jury will be asked to consider whether or not Reddy's actions were unreasonable and violated plaintiff's constitutional rights. The Tenth Circuit has previously held that it is permissible for a police expert to testify that an officer's level of force is inappropriate based on his experience and police officer standards. Zuchel v. City and County of Denver, Colo., 997 F.2d 730, 742-43 (10th Cir. 1993). Leach's supplemental opinion is based on his reviews of practices and not on whether or not the conduct was reasonable under the Constitution. See id.

Therefore, the motion to exclude Leach's supplemental opinion is denied.

### III. Conclusion

Defendants' motion to exclude the expert testimony of Ted Leach is granted in part and denied in part. (Doc. 66).

A motion for reconsideration of this order pursuant to this

court's Rule 7.3 is not encouraged.  Defendant may not move for reconsideration on the basis of arguments which could have been included in a reply.  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

    IT IS SO ORDERED.

    Dated this <u>  28th  </u> day of January 2010, at Wichita, Kansas.

                                      <u>s/ Monti Belot                    </u>
                                      Monti L. Belot
                                      UNITED STATES DISTRICT JUDGE